Hearing Date: January 13, 2011
Hearing Time: 10:30 a.m.
Location: 219 S. Dearborn St., Courtroom 866
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF
# DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| SMITH, MARGARET JEAN | § | Case No. 09-37810 |
| | § | |
| Debtor | § | Hon. Pamela S. Hollis |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter ___ of the United States Bankruptcy Code on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of           $

       Funds were disbursed in the following amounts:

       Administrative expenses
       Payments to creditors
       Non-estate funds paid to 3rd Parties
       Payments to the debtor

       Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

      6.  The deadline for filing claims in this case was                    . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $        as interim compensation and now requests a sum of $          , for a total compensation of $          .  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $      , and now requests reimbursement for expenses of $      , for total expenses of $        .

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____        By:/s/Joseph A. Baldi, Trustee_____
                                                   Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 09-37810 | PSH | Judge: Pamela S. Hollis | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|---|
| Case Name: | SMITH, MARGARET JEAN | | | Date Filed (f) or Converted (c): | 10/09/09 (f) |
| | | | | 341(a) Meeting Date: | 11/20/09 |
| For Period Ending: | 10/23/10 | | | Claims Bar Date: | 09/27/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CASH ON HAND | 20.00 | 0.00 | | 0.00 | FA |
| 2. CHECKIN ACCOUNT WITH TCF BANK | 109.00 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCOUNT WITH CHASE BANK | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. CHECKING ACCOUNT WITH WASHINGTON MUTUAL BANK | 25.00 | 0.00 | | 0.00 | FA |
| 5. DRAGIC BLAGOJERIC, LANDLORD | 800.00 | 0.00 | | 0.00 | FA |
| 6. MISC. HOUSEHOLD GOODS: SOFA, LOVESEAT, TELEVISION | 1,000.00 | 0.00 | | 0.00 | FA |
| 7. FAMILY PICTURES, CD'S, AND BOOKS | 100.00 | 0.00 | | 0.00 | FA |
| 8. USED PERSONAL CLOTHING | 500.00 | 0.00 | | 0.00 | FA |
| 9. WATCH, NECKLACE, RINGS | 100.00 | 0.00 | | 0.00 | FA |
| 10. CAMERA, CAMCORDER | 100.00 | 0.00 | | 0.00 | FA |
| 11. TERM LIFE POLICY THROUGH EMPLOYER - NO CASH SURREN | 0.00 | 0.00 | | 0.00 | FA |
| 12. ALLSTATE LIFE INSURANCE ANNUITY | 35,625.00 | 35,625.00 | | 35,625.00 | FA |
| 13. SYMETRA FINANCIAL ANNUITY | 535,000.00 | 535,000.00 | DA | 0.00 | FA |
| Debtor claimed this asset exempt, in full amount of value; the exemption was disallowerd per order dated 6/8/10; claims were filed less then Estate funds, Trustee will abandon this asset at closing. | | | | | |
| 14. STOCK WITH WALGREENS (50 SHARES) | 1,500.00 | 0.00 | | 0.00 | FA |
| 15. 2008 NISSAN VERSA WITH 9,500 MILES | 10,875.00 | 0.00 | | 0.00 | FA |
| 16. 2008 NISSAN ARMADA WITH 35,238 MILES | 25,900.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $612,654.00 | $570,625.00 | | $35,625.00 | $0.00 |
|---|---|---|---|---|---|

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | |
|---|---|
| Case No: 09-37810    PSH    Judge: Pamela S. Hollis | Trustee Name: Joseph A. Baldi, Trustee |
| Case Name: SMITH, MARGARET JEAN | Date Filed (f) or Converted (c): 10/09/09 (f) |
| | 341(a) Meeting Date: 11/20/09 |
| | Claims Bar Date: 09/27/10 |

Initial Projected Date of Final Report (TFR):  / /        Current Projected Date of Final Report (TFR):  / /

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 09-37810 -PSH | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | SMITH, MARGARET JEAN | Bank Name: | Bank of America, N.A. |
| | | Account Number / CD #: | *******6561 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******6677 | | |
| For Period Ending: | 10/23/10 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C  10/01/10 | 12 | ALLSTATE LIFE INSURANCE COMPANY<br>10815 David Taylor Drive<br>Suite 300<br>Charlotte, NC 28262 | Structured Settlement Annuity | 1129-000 | 35,625.00 | | 35,625.00 |

\* Reversed
t Funds Transfer
C Bank Cleared

| | Account *******6561 | Balance Forward | 0.00 | | | |
|---|---|---|---|---|---|---|
| 1 | Deposits | | 35,625.00 | 0 | Checks | 0.00 |
| 0 | Interest Postings | | 0.00 | 0 | Adjustments Out | 0.00 |
| | | | | 0 | Transfers Out | 0.00 |
| | Subtotal | $ | 35,625.00 | | | |
| | | | | | Total | $ 0.00 |
| 0 | Adjustments In | | 0.00 | | | |
| 0 | Transfers In | | 0.00 | | | |
| | Total | $ | 35,625.00 | | | |

LFORM2T4 UST Form 101-7-TFR (9/1/2009) *(Page: 5)*

Ver: 15.20

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 09-37810
Case Name: SMITH, MARGARET JEAN
Trustee Name: Joseph A. Baldi, Trustee

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: Joseph A. Baldi, Trustee | $_____ | $_____ |
| Attorney for trustee: BALDI BERG & WALLACE, LTD. | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor:* | | $ | $ |
| *Attorney for:* | | $ | $ |
| *Accountant for:* | | $ | $ |
| *Appraiser for:* | | $ | $ |
| *Other:* | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *Discover Bank* | $ | $ |
| *000002* | *American Infosource Lp As Agent for* | $ | $ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| *000003* | *Combined Care Center PC* | $ | $ |

    Tardily filed claims of general (unsecured) creditors totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent.

    Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

    The amount of surplus returned to the debtor after payment of all claims and interest is $_____ .